IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RAS ADISA GAMBA OLUWA,

  Plaintiff,          No. CIV S-05-1596 GEB DAD P

 vs.

SECRETARY OF THE STATE
OF CALIFORNIA,

  Defendant.         FINDINGS AND RECOMMENDATIONS
_____/

    Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief under 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. The proceeding was referred to the undersigned magistrate judge in accordance with Local Rule 72-302 and 28 U.S.C. § 636(b)(1).

    The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). Pursuant to the screening requirement, the court must dismiss claims that are legally frivolous or malicious, claims that fail to state a claim upon which relief may be granted, and claims that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2). Similarly, when a plaintiff seeks leave to proceed in forma pauperis, the court is required to dismiss the case if the court determines that the action is frivolous or

1

malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A claim should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim that would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court accepts as true the allegations of the complaint.  See Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976).  The court also construes the pleading in the light most favorable to the plaintiff and resolves doubts in the plaintiff's favor.  See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

In the present case, plaintiff is a state prisoner confined in Pelican Bay State Prison.  Plaintiff has sued the Secretary of State in his individual and official capacities. Plaintiff's claim is presented as follows:

> The Secretary of State pursuant to the California Election Code denies Ras the "right-to-vote" while Ras is in-prisoned [sic] for conviction of a felony and such denial is in violation(s) of the U.N. International Covenant on Civil and Political Rights namely Article(s):  3,10(3), and 17; and the U.N. Universal Declaration of Human Rights namely Article(s):  2, 3, and 18.  Further such denial violates the United States of America Constitution "Substantive Due Process" Clause of the 14th Amendment in that all convicted felons that are given probation or suspension of sentence are allowed to the "right-to-vote" under the Election Code but Ras is denied the "right-to-vote" only because Ras conviction led to in-

>>prison custody and such denial violates equal protection of the law:
as Ras is a registered California voter and voted in the Proposition
13 state-wide election prior to arrest and sentence to in-prison
custody.

(Compl. at 3 and 3[A].)

Plaintiff seeks the following relief:

>>Allow Ras to proceed in forma pauperis; make defendant(s) pay
Ras $10 million dollars each day Ras is denied the right-to-vote;
damages for the right itself being violated under international laws
of nations; trial by jury; cost of suit under state law private attorney
general enforcement statute (pendant claim).

(Id. at 3.)

Official-capacity suits generally represent just another way of pleading an action against the entity of which the officer is an agent. Hafer v. Melo, 502 U.S. 21, 25 (1991) (citing Kentucky v. Graham, 473 U.S. 159, 165 (1985), and Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 690 n.55 (1978)). A suit against a state official in his or her official capacity should be treated as a suit against the State. Id. However, the Eleventh Amendment serves as a jurisdictional bar to suits for damages brought by private parties against a State under § 1983 unless the State consents to such suit. See Quern v. Jordan, 440 U.S. 332, 338, 344-45 (1979) (citing Alabama v. Pugh, 438 U.S. 781, 782 (1978)); Jackson v. Hayakawa, 682 F.2d 1344, 1349 (9th Cir. 1982). In the present case, plaintiff's claims for damages against the Secretary of State in his official capacity are barred because the State of California has not consented to suit. See Shoshone-Bannock Tribes v. Fish & Game Comm'n, 42 F.3d 1278, 1283 (9th Cir. 1994).

Plaintiff's claims for damages against the Secretary in his individual capacity have been brought under the Civil Rights Act, 42 U.S.C. § 1983. The statute provides as follows:

>>Every person who, under color of any statute, ordinance,
regulation, custom, or usage, of any State or Territory or the
District of Columbia, subjects, or causes to be subjected, any
citizen of the United States or any person within the jurisdiction
thereof to the deprivation of any rights, privileges, or immunities

3

>    secured by the Constitution and laws, shall be liable to the party
>    injured in an action at law, suit in equity, or other proper
>    proceeding for redress . . . .

42 U.S.C. § 1983.

Despite the broad application of § 1983 to every person within the jurisdiction of the United States, the statutory language establishes two fundamental restrictions. "Section 1983 provides a cause of action against any person 'acting under color of State law' who causes a deprivation of the plaintiff's **federal** rights." Morse v. North Coast Opportunities, Inc., 118 F.3d 1338, 1343 (9th Cir. 1997) (emphasis added). Put another way, "the two essential elements to a § 1983 action are . . . (1) whether the conduct complained of was committed by a person acting under color of state law; and (2) whether this conduct deprived a person of rights, privileges, or immunities secured **by the Constitution or laws of the United States**." Parratt v. Taylor, 451 U.S. 527, 535 (1981) (emphasis added). As the Supreme Court explained in Parratt, federal courts are courts of limited jurisdiction, and the Act of Congress that confers on district courts their original jurisdiction over § 1983 actions expressly limits that jurisdiction to civil actions brought "[t]o redress the deprivation . . . of any right, privilege or immunity secured **by the Constitution of the United States or by any Act of Congress** providing for equal rights of citizens or of all persons within the jurisdiction of the United States." Id. at 532 (quoting 28 U.S.C. § 1343) (emphasis added).

In the present case, plaintiff has alleged violations of international law under the International Covenant on Civil and Political Rights ("ICCPR") and the Universal Declaration of Human Rights ("UDHR"). While self-executing treaties generally have the force of domestic law and can be directly enforced by courts as if they were domestic law, treaties that are not self-executing do not provide independent, privately enforceable rights. Guaylupo-Moya v. Gonzales, 423 F.3d 121, 133 (2d Cir. 2005). The UDHR is not a treaty and is not a source of law enforceable under § 1983 as if it were domestic law. Id. at 133. While the ICCPR is a treaty, it was ratified by the United States Senate and signed by the President subject to "Reservations,

Understandings, and Declarations" declaring that the treaty is not self-executing. Id. (citing 138 Cong. Rec. 8068, 8071 (1992); S. Exec. Rep. No. 102-23, 102d Cong. 2d Sess. (1992)). In the present case, plaintiff cannot seek redress under § 1983 for alleged violations of the UDHR and ICCPR because the provisions of those documents do not constitute rights, privileges, or immunities secured by federal law. The alleged violations of international law fail to state any claim on which relief can be granted and must be dismissed with prejudice.

Plaintiff also alleges a violation of the right to equal protection guaranteed by the Fourteenth Amendment to the United States Constitution. He alleges that this right is violated by the California Election Code because convicted felons who are given probation or a suspension of sentence are allowed to vote, while convicted felons like plaintiff, who are serving a sentence in prison, are not allowed to vote. Plaintiff contends that this difference in treatment violates his right to equal protection of the law.

In Richardson v. Ramirez, 418 U.S. 24 (1974), the Supreme Court considered provisions of the California Constitution and the California Elections Code that denied the right to vote to persons convicted of certain crimes. Individuals who had been convicted of felonies, served some time in jail or prison, and successfully terminated their parole challenged their disenfranchisement on the ground that application of the prohibition to them denied them the right to equal protection of the laws under the United States Constitution. Id. at 26-27. The Court found that, unlike any other voting qualification, felon disenfranchisement laws are explicitly endorsed by the text of the Fourteenth Amendment. Id. at 41-53 (interpreting the provisions of "the less familiar § 2 of the Amendment"). The Court ruled that California's statute disenfranchising convicted felons who had completed their sentences and paroles was not inconsistent with the equal protection guarantee of the Fourteenth Amendment. Id. at 56.

In Richardson the Court considered the plaintiffs' argument that "it is essential to the process of rehabilitating the exfelon that he be returned to his role in society as a fully participating citizen when he has completed the serving of his term" and replied that such an

argument should be addressed to the legislative forum. Id. at 55. The California legislature found the argument persuasive and subsequently amended the Elections Code. California law currently provides that "[a] person entitled to register to vote shall be a United States Citizen, a resident of California, **not in prison or on parole for the conviction of a felony**, and at least 18 years of age at the time of the next election." Cal. Elec. Code § 2101 (West 2006) (emphasis added). In the present case, plaintiff contends that his right to equal protection is violated by the statutory distinction between felons who are in prison or on parole, on the one hand, and, on the other, felons who are not in prison because they were given probation or suspended sentences.

Because of their endorsement by the Fourteenth Amendment, felon disenfranchisement laws will be held constitutional unless the laws were enacted with an invidious, racially discriminatory purpose and continue to have that effect. See Hunter v. Underwood, 471 U.S. 222, 233 (1985). The necessity for a discriminatory purpose dovetails with the general requirements for stating any Fourteenth Amendment equal protection claim.

The Fourteenth Amendment prohibits states from depriving any person of the equal protection of the laws. The fundamental principle of the Equal Protection Clause is that "the State must govern impartially." McQueary v. Blodgett, 924 F.2d 829, 834 (9th Cir. 1991) (citing Jones v. Helms, 452 U.S. 412, 423 (1981)). The equal protection guarantee "is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Center, 473 U.S. 432, 439 (1985). A plaintiff asserting a denial of equal protection must allege facts establishing a prima facie case of discrimination. See United States v. Estrada-Plata, 57 F.3d 757, 760 (9th Cir. 1995). To establish a prima facie case, the plaintiff must allege facts showing that the defendants acted with the intent to discriminate against him based on his membership in a protected class, see Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001), or that he was treated differently from persons similarly situated, see Cleburne, 473 U.S. at 439.

/////

1    Felons in prison or on parole are not members of a protected class, and the
2 plaintiff in this case has not alleged facts showing that felons in prison or on parole are situated
3 similarly to felons who are on probation or received suspended sentences.  See Franklin v.
4 Murphy, 745 F.2d 1221, 1231 (9th Cir. 1984) (affirming the district court's dismissal of a
5 Fourteenth Amendment challenge to the constitutionality of an Oregon statute prohibiting felons
6 from voting while imprisoned); see also Rodriguez v. Cook, 169 F.3rd 1176, 1179 (9th Cir.
7 1999) (rejecting a prisoner's claim that the PLRA three-strikes provision violates equal
8 protection by treating indigent prisoners differently from wealthy prisoners because neither state
9 prisoners nor indigent persons are a protected class).  Plaintiff's complaint therefore fails to state
10 an equal protection claim on which relief can be granted.

11    Plaintiff has described his equal protection claim as arising under the "United
12 States of America Constitution 'Substantive Due Process Clause.'"  (Compl. at 3-3[A].)  The
13 Due Process Clause of the United States Constitution may place a substantive limitation on the
14 exercise of governmental power.  See Sinaloa Lake Owners Ass'n v. City of Simi Valley, 882
15 F.2d 1398, 1408 (9th Cir. 1989) (en banc).  However, the Supreme Court has held that a claim of
16 abusive governmental power that implicates a specific constitutional right must be analyzed as a
17 violation of the specific right rather than as a violation of "the more generalized notion of
18 'substantive due process.'"  Graham v. Connor, 490 U.S. 386, 395 (1989).  In the present case,
19 plaintiff has alleged a violation of equal protection, a specific right guaranteed by the Equal
20 Protection Clause of the Fourteenth Amendment.  Plaintiff cannot present the same claim as a
21 violation of substantive due process.

22    Plaintiff's complaint fails to state any Fourteenth Amendment claim on which
23 relief can be granted.  It is evident that plaintiff cannot amend his pleading to state a claim on
24 which relief may be granted.  The complaint should be dismissed without leave to amend, and
25 this action should be dismissed with prejudice.  See Coakley v. Murphy, 884 F.2d 1218, 1221-22
26 (9th Cir. 1989).

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's application to proceed in forma pauperis be denied; and

2. This action be dismissed with prejudice as legally frivolous and for failure to state a claim upon which relief may be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 31, 2006.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13
oluw1596.56