IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RAS ADISA GAMBA OLUWA,

    Plaintiff,        2:05-cv-1596-GEB-DAD-P

    vs.

SECRETARY OF THE STATE
OF CALIFORNIA,

    Defendant.        ORDER

/

        Plaintiff is a state prisoner proceeding pro se with this civil rights action seeking relief under 42 U.S.C. § 1983. This action was dismissed as legally frivolous and for failure to state a claim upon which relief may be granted, and judgment was entered accordingly on December 11, 2006. Plaintiff has filed a motion to alter or amend the judgment pursuant to Federal Rules of Civil Procedure 59(e)(2) or 60(b)(6). Plaintiff has also filed a notice of appeal.

        A party may file a motion to alter or amend a judgment if the motion is filed within 10 days after entry of the judgment. Fed. R. Civ. P. 59(e). If a timely motion is filed, the time to file an appeal runs from the entry of the district court's order disposing of the motion. See Fed. R. App. P. 4(a)(4)(A). In the present case, plaintiff's notice of appeal is not effective to appeal the December 11, 2006 judgment until this court enters an order resolving plaintiff's timely motion to vacate judgment. See Fed. R. App. P. 4(a)(4)(B)(I). Because plaintiff's notice of appeal is not yet effective, this court has jurisdiction to rule on plaintiff's motion. See Miller v. Marriott Int'l, Inc., 300 F.3d 1061, 1064 (9th Cir. 2002).

Rule 59(e)(2) provides that "[a]ny motion to alter or amend a judgment shall be filed no later than ten days after entry of the judgment." Fed. R. Civ. P. 59(e). Under the mailbox rule applicable to documents filed by prisoners, plaintiff's motion appears to be timely for purposes of Rule 59(e).

Plaintiff also seeks relief under Rule 60(b), which provides in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (6) any other reason justifying relief from the operation of the judgment. . . .

Fed. R. Civ. P. 60(b). Such motions are addressed to the sound discretion of the district court. See Yusov v. Yusuf, 892 F.2d 784, 787 (9th Cir. 1989); Thompson v. Housing Auth. of Los Angeles, 782 F.2d 829, 832 (9th Cir. 1986); Savarese v. Edrick Transfer & Storage, 513 F.2d 140, 146 (9th Cir. 1975); Rodriguez v. Bowen, 678 F. Supp. 1456, 1457 (E.D. Cal. 1988).

The court conducted a de novo review of this case on December 11, 2006. All papers and files in this action were considered at that time. In plaintiff's January 3, 2007 motion, plaintiff has not demonstrated that he can cure the defects with respect to any federal claim alleged in his complaint.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's January 3, 2007 motion to alter or amend judgment is denied; and

2. The Clerk of the Court is directed to serve a copy of this order on the United States Court of Appeals for the Ninth Circuit.

Dated: February 15, 2007

GARLAND E. BURRELL, JR.
United States District Judge